RECEIPT # 56607
AMOUNT $ 150
SUMMONS ISSUED ✓-3
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. M
DATE 6-16-04

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.

*FILED IN CLERK'S OFFICE 2004 JUN 16 A [illegible] U.S. DISTRICT COURT DISTRICT OF MASS.*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

STEPHEN KEEFE,
   Plaintiff

v.

LOCAL 805, INTERNATIONAL
LONGSHOREMEN'S ASSOCIATION, AFL-CIO,
LOCAL 800, INTERNATIONAL
LONGSHOREMEN'S ASSOCIATION, AFL-CIO,
and LOCAL 799, INTERNATIONAL
LONGSHOREMEN'S ASSOCIATION, AFL-CIO,
   Defendants

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**COMPLAINT**

04 CV 11340 DPW

MAGISTRATE JUDGE _____

1. This is an action for violation of the Union Members Bill of Rights (29 U.S.C. §§411 & 529).

2. Plaintiff Stephen Keefe is an individual who resides in Green Harbor, Massachusetts.

3. Defendant Local 805, International Longshoremen's Association, AFL-CIO (hereinafter known as "Local 805") is a labor organization as that term is defined for the purposes of 29 U.S.C. §§411 & 529, being headquartered in East Boston, Massachusetts.

4. Defendant Local 800, International Longshoremen's Association, AFL-CIO (hereinafter known as "Local 800") is a labor organization as that term is defined for the purposes of 29 U.S.C. §§411 & 529, being headquartered in South Boston, Massachusetts.

5. Defendant Local 799, International Longshoremen's Association, AFL-CIO (hereinafter known as "Local 799") is a labor organization as that term is defined for the purposes of 29 U.S.C. §§411 & 529, being headquartered in Charlestown, Massachusetts.

6. Keefe has been a member of the International Longshoremen's Association ("ILA") over the

past 23 years.

7. In 1993 Keefe moved to Massachusetts from New Hampshire and became a supervisor in a family-owned business called John T. Clark & Sons, ("JTC"), a stevedore and terminal operator at Conley Terminal in Boston, Massachusetts. In 1998 Massport did not renew the lease of JTC, thereby reducing the amount of family-owned work available to Keefe.

8. Beginning in May, 1998, Keefe reported to the Local 805 hiring hall almost daily for dispatch as a fill-in Longshoreman at the lower end of the seniority roster.

9. On August 10, 1998, Keefe, citing Article XV ("Transfer of Membership") of the ILA Constitution, wrote to Vice-President William P. McNamara and ACD Vice-President Edward Connolly, concerning a transfer of his ILA membership from Local 1947 in Portsmouth, New Hampshire, to Local 805 in East Boston, Massachusetts. Keefe was a member in good standing of Local 1947, and he requested that an official transfer card be supplied to him. Keefe also forwarded from Local 1947 a letter that certified that Keefe was a "paid-up member of I.L.A. Local 1947 in good standing for the past 23 years;" and that there "are no charges against him, nor have their ever been charges against him since he has been a member of Local 1947."

10. Article XV ("Transfer of Membership") of the ILA Constitution provided, at Section 1, that any member in good standing may transfer his membership from one ILA local union to another "provided he is working at the trade covered by the local, and is eligible for membership in and complies with the provisions respecting transfers of the local union to which he seeks to be transferred."

11. In August, 1998, Brother Keefe was a member in good standing of Local 1947 and had no

charges pending against him.

12. Prior to, upon and following Keefe's application for transfer to Local 805, he was working as a Longshoreman in the Port of Boston, namely, within the trade covered by Local 805 and its collective bargaining agreements.

13. On October 15, 1998, Keefe again wrote to Vice-Presidents McNamara and Connolly inquiring about the status of his request for a transfer of membership.

14. By letter dated November 1, 1998, the President and Recording Secretary for Local 805 advised Keefe that at a meeting on September 29, 1998, Keefe's application was considered by Local 805's Executive Board and was referred to the membership body for action. The letter also stated that the members unanimously voted not to accept Keefe's transfer "at this time."

15. In apparent response to a later letter from Keefe, Vice-President McNamara on December 9, 1998, recommended to Local 805 that Keefe's application again be brought before the Executive Board and membership of Local 805 "as soon as possible, ostensibly for reconsideration." Local 805, however, took no action in response to this recommendation.

16. On March 1, 1998, Keefe's attorney, James T. Masteralexis, Esq., wrote to Local 805, requesting reconsideration of its decision not to accept Keefe's transfer. Local 805 took no action in response to this request.

17. When no response was received, Atty. Masteralexis on April 22, 1999, wrote directly to President Bowers of the ILA, contending that Local 805 did not have good and sufficient reasons for denying Keefe's application for transfer.

18. By letter of May 24, 1999, President Bowers requested the President and Business Agent of

Local 805 to immediately provide him in writing the reason for Local 805's rejection of Keefe's transfer application.

19. Local 805's Executive Board shortly thereafter sent a response to President Bowers in which it put forth its contentions for its rejection of Keefe's transfer application.

20. On August 27, 1999, President Bowers advised the officials of Local 805 that after reviewing the reasons set forth by the Local's Executive Board, the International found no sufficient basis for denial of Keefe's transfer. Bowers informed them that the International directed Local 805 to accept Keefe's transfer or, if it failed to comply immediately, that he would bring appropriate disciplinary action against Local 805.

21. Having received no further response from Local 805, President Bowers appointed a Committee to investigate the circumstance of Local 805 denying Keefe's application for a transfer.

22. On December 22, 1999, the Committee appointed by President Bowers found that Local 805 did not have good and sufficient reasons for denying Keefe's application for transfer and recommended that President Bowers give Local 805 until January 15, 2000, to reconsider and accept Keefe's application for membership without qualification.

23. On or about January 15, 2000, Local 805 finally accepted Keefe's application for membership.

24. The ILA Hiring Hall for the port of Boston, Massachusetts, is operated jointly by Local 805, Local 800 and Local 799 by a Rules Committee that has a total of nine members, three members from each of the three Locals.

25. On or about January 15, 2000, the Rules Committee, placed Keefe in Gang 12.

26. At all relevant times there was a gang system at the Hiring Hall. Gang 12 is the lowest and last gang dispatched from the Hiring Hall. Gang 12 by definition consisted of "two jobbers," that is, those Longshoremen who at the same time held second jobs and who did not work exclusively at the Longshore craft.

27. Like other Gang 12 members, Keefe held another "job" during this period, namely Keefe had a "job" at JTC, a family owned business. During this period, four persons worked at JTC, Keefe and his two brothers -- Timothy and Joseph – along with a William Horohoe.

28. During this period Keefe had no specific duties; to earn his "salary" all Keefe had to do was to make himself available if JTC needed him. His only specific assignment was to try to develop a work history on the waterfront in order for JTC to better position itself if it had any consulting work to do.

29. On or about October 1, 2000, the Rules Committee placed Keefe in Gang 11.

30. On or about February 1, 2001, Keefe, brought suit in United States District Court, District of Massachusetts, against Local 805, Local 800 and Local 799, C.A. No. 01-10194, alleging, inter alia, that by not accepting Keefe's application for membership on or near August 10, 1998, the Locals breached Article XV of the ILA Constitution and caused Keefe to lose substantial income and benefits.

31. In October, 2002, Keefe move into Gang 10.

32. On January 7, 2003, Keefe was deposed by counsel for the Local 805, Local 800 and Local 799 in the above referenced case. At that time counsel for Local 805, Local 800 and Local 799 examined Keefe with regard to the fact that during 2001 Keefe had received income from JTC.

33. In February, 2003, the Rules Committee held a meeting about Keefe's Gang status without ever informing Keefe. The Rules Committee suspended Keefe for six months and put him back in Gang 12 for supposedly having another job. Keefe continues to have another income from JTC, not another job, and the Rules Committee members know this.

34. In March, 2003, the Rules Committee held another meeting. Upon information and belief, the Rules Committee did this after being advised that it could not had a meeting without notifying Keefe. This time the Committee voted 5 to 3 to put Keefe back in Gang 10 after a 60 day suspension. Again the supposed rationale was that Keefe had another job with JTC.

35. The Rules Committee held a third meeting later in March, 2003. Keefe was not given any notice of this meeting. Upon information and belief this meeting was called at a time when persons who had voted previously for Keefe would be out of town. The Rules Committee against suspended Keefe for 6 months and put him back in Gang 12.

36. Members of the Rules Committee, including the current Chairman of the Rules Committee and his relatives, have other jobs and incomes (such as family business, rental income, pensions and cash paying jobs) while still enjoying the benefits of Gangs 1-9.

37. Other Union members have other jobs and incomes (such as family business, rental income, pensions and cash paying jobs) while still enjoying the benefits of Gangs 1-9.

38. The Rules Committee suspended Keefe and put him back in Gang 12 in retaliation for Keefe having brought suit against the Local 805, Local 800 and Local 799 to force them to accept his application for membership and pay for his damages.

39. The Rules Committee disciplined Keefe without serving him with written specific charges,

giving him a reasonable time to prepare his defense, and affording him a full and fair hearing.

40. Keefe has been damaged financially by being suspended and by being put back in Gang 12.

### Count I

41. By suspending Keefe and placing him back in Gang 12, Local 805 violated 29 U.S.C. §§411(a)(4) and 529.

### Count II

42. By suspending Keefe and placing him back in Gang 12, Local 800 violated 29 U.S.C. §§411(a)(4) and 529.

### Count III

43. By suspending Keefe and placing him back in Gang 12, Local 799 violated 29 U.S.C. §§411(a)(4) and 529.

### Count IV

44. By disciplining Keefe without serving him with written specific charges, giving him a reasonable time to prepare his defense, and affording him a full and fair hearing, Local 805 violated 29 U.S.C. §§411(a)(5) and 529.

### Count V

45. By disciplining Keefe without serving him with written specific charges, giving him a

reasonable time to prepare his defense, and affording him a full and fair hearing, Local 800 violated 29 U.S.C. §§411(a)(5) and 529.

### Count VI

46. By disciplining Keefe without serving him with written specific charges, giving him a reasonable time to prepare his defense, and affording him a full and fair hearing, Local 799 violated 29 U.S.C. §§411(a)(5) and 529.

**WHEREFORE** plaintiff demands:

  A. Judgment against the defendants;

  B. An order directing Local 805, Local 800 and Local 799 to place Keefe within Gang 10;

  C. All lost moneys and benefits;

  D. Compensatory damages;

  E. Punitive damages;

  F. Attorney's fees;

  G. Interest and costs; and

  H. Any other remedy this Court deems meet and just.

          Stephen Keefe
          By his attorney

          _____
          Scott A. Lathrop, Esq.
          Scott A. Lathrop & Associates
          122 Old Ayer Road
          Groton, MA 01450
          (978) 448-8234

Dated: June 16, 2004     BBO No. 287820

PLAINTIFF DEMANDS A JURY TRIAL

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I (a) PLAINTIFFS
STEPHEN KEEFE

## DEFENDANTS
LOCALS 805, 800, 799, INTERNATIONAL LONGSHOREMEN'S ASSOCIATION

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF __PLYMOUTH__
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT __SUFFOLKS__
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
SCOTT A. LATHROP, P.C.
122 OLD AYER ROAD
GROTON, MA 01450
978-448-8234

ATTORNEYS (IF KNOWN)

04 11340 DPW

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

VIOLATION OF UNION MEMBERS BILL OF RIGHTS, 29 USC 411 - 529

## V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**TORTS — PERSONAL INJURY**
- ☐ 362 Personal Injury—Med Malpractice
- ☐ 365 Personal Injury—Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence — Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Other

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☒ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions

## VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23
DEMAND $ LOST MONIES
Check YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE WOODLOCK    DOCKET NUMBER 01CV10194 DPW

DATE 6/16/04

SIGNATURE OF ATTORNEY OF RECORD
Scott A Lathrop

UNITED STATES DISTRICT COURT

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) **KEEFE v. LOCAL 805, LONGSHOREMEN'S ASSOCIATION**

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___ I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   _X_ II.   195, 368, 400, 440, 441-444, 540, 550, 625, 710, 720, 730, 740, 790, 791, 820, 830, 840, 850, 890, 892-894, 895, 950.

   ___ III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   ___ IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   ___ V.    150, 152, 153.

   **04 CV 11340 DPW**

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E)).
   **KEEFE v. LOCAL 805, ILA, C.A.NO. 01cv10194 DPW**

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT? **NO**

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? **NO**
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY? (SEE 28 USC 2403) _____

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC 2284? **NO**

7. DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER COUNTY) - (SEE LOCAL RULE 40.1(C)). YES **NO** OR IN THE WESTERN SECTION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)? - (SEE LOCAL RULE 40.1(D)). YES **NO**

8. DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN SECTIONS OF THE DISTRICT? YES **NO**  (a) IF YES, IN WHICH SECTION DOES THE PLAINTIFF RESIDE? _____

9. IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE? **EASTERN**

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE CENTRAL SECTION _____ OR WESTERN SECTION _____

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   **SCOTT A. LATHROP**
ADDRESS   **122 OLD AYER ROAD, GROTON, MA 01450**
TELEPHONE NO.   **978-448-8234**

(Category.frm - 09/92)