UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

STEPHEN KEEFE,
    Plaintiff,

        v.                    CIVIL ACTION
                                NO.04-11340-DPW

LOCAL 805, INTERNATIONAL LONGSHOREMEN'S
ASSOCIATION, AFL-CIO, ET AL.,
    Defendants.

## NOTICE OF SCHEDULING CONFERENCE, ORDER FOR JOINT STATEMENT AND CERTIFICATIONS, AND ORDER FOR ELECTRONIC FILING

    Take Notice that an initial SCHEDULING CONFERENCE will be held in **Courtroom No. 1, on the 3RD floor of the MOAKLEY U.S. COURTHOUSE AT FAN PIER (One Courthouse Way, Boston, MA) at 2:30 P.M. on NOVEMBER 30, 2004,** in accordance with Fed. R. Civ. P. 16(b) and Local Rule 16.1.

    The court considers attendance of the senior lawyers ultimately responsible for the case and compliance with sections (B),(C),and(D)of Local Rule 16.1 to be of the utmost importance.[1]

---

[1] These sections of Local Rule 16.1 provide:

    **(B) Obligation of counsel to confer.** Unless otherwise ordered by the judge, counsel for the parties shall, pursuant to Fed.R.Civ.P. 26(f), confer no later than 21 days before the date for the scheduling conference for the purpose of:

    **(1) preparing an agenda of matters to be discussed at the scheduling conference,**

    **(2) preparing a proposed pretrial schedule for the case that includes a plan for discovery, and**

    **(3) considering whether they will consent to trial by magistrate judge.**

    **(C) Settlement proposals.** Unless otherwise ordered by the judge, the plaintiff shall present written settlement proposals to all defendants no later than ten (10) days before the date for the scheduling conference. Defense counsel shall have conferred with their clients on the subject of settlement before the scheduling conference and be prepared to respond to the proposals at the scheduling conference.

    **(D) Joint statement.** Unless otherwise ordered by the judge, the parties are required to file, no later than 5 business days before the scheduling conference and after consideration of the topics contemplated by Fed.R.Civ.P. 16(b) and 26(f), a joint statement containing a proposed pretrial schedule, which shall include:

    **(1) a joint discovery plan scheduling the time and length for all discovery events, that shall**

        **(a) conform to the obligation to limit discovery set forth in Fed. R. Civ. P. 26(b), and**

        **(b) take into account the desirability of conducting phased discovery in which the first phase is limited to developing information needed for a realistic assessment of the case and, if the case does not terminate, the second phase is directed at information needed to prepare for trial; and**

    **(2) a proposed schedule for the filing of motions; and**

    **(3) certifications signed by counsel and by an authorized representative of each party affirming that each party and that party's counsel have conferred:**

        **(a) with a view to establishing a budget for the costs of conducting the full course--and various alternative courses--of the litigation; and**

        **(b) to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in Local Rule 16.4.**

    To the extent that all parties are able to reach agreement on a proposed pretrial schedule, they shall so indicate. To the extent that the parties differ on what the pretrial schedule should be, they shall set forth separately the items on which they differ and indicate the nature of that difference. The purpose of the parties' proposed pretrial schedule or schedules shall be to advise the judge of the parties' best estimates of the amounts of time they will need to accomplish specified pretrial steps. The parties' proposed agenda for the scheduling conference, and their proposed pretrial schedule or schedules, shall be considered by the judge as advisory only.

Counsel may be given a continuance only if actually engaged on trial. Failure to comply fully with this notice and with sections (B), (C), and (D) of Local Rule 16.1 may result in sanctions under Local Rule 1.3.

**<u>Certifications pursuant to (D)(3) shall be filed with the Joint Statement, due no later than 5 business days before the conference.</u> Certifications must be signed by counsel AND by an authorized representative of each party.**

By no later than 2 weeks after the conference, the parties shall comply with Local Rule 26.2(A) with respect to automatic disclosure. The parties are reminded that under Local Rule 26.2(A) no party may initiate any formal discovery unless that party has complied with the requirements of Local Rule 26.2 in its entirety.

**<u>Counsel for the plaintiff is responsible for ensuring that all parties and/or their attorneys, who have not filed an answer or appearance with the court, are notified of the scheduling conference date.</u>**

<u>The parties should be prepared to address any outstanding issues or motions at the scheduling conference</u>.

## ORDER FOR ELECTRONIC FILING

1.   <u>Electronic Filings of Pleadings with this Court</u>:

It is hereby ORDERED that, unless leave is granted, upon good cause shown, to file paper documents in lieu of electronic filing via this Court's CM/ECF system, ALL future submissions in this case must be electronically filed. Such filings shall be made in accordance with, and subject to, the terms and conditions of electronic filing as set forth by this Court. All parties and counsel who choose to appear in this action must make arrangements to register for participation in electronic case filing, if they have not already done so.

2.   <u>Providing paper Courtesy Copies with this Court</u>:

In addition to electronically filing any pleading, all parties and counsel shall also file all submissions relating to motions and dispositive matters with the Court in <u>hard copy</u>, clearly marked **"Courtesy Copy - Do Not Scan**" on the cover page of <u>each</u> pleading/submission (notations in a cover letter is not deemed sufficient). Courtesy copies of Joint Statements shall also be provided.

3.   <u>Notices of Hearings, Rulings and Orders of this Court</u>;

It is FURTHER ORDERED that Notices, Orders and Memoranda of the Court will only be filed and served electronically. Once a party or counsel has registered for electronic filing, it is his/her responsibility to monitor his/her e-mail to ensure receipt

of electronic notices.  Any changes in e-mail addresses must be reported to the Court immediately.

4.  <u>Help Information</u>

    Information and help on how to register for CM/ECF may be found at this Court's website, **www.mad.uscourts.gov**


                              DOUGLAS P. WOODLOCK
                           United States District Judge


                        By:  <u>/s/ Rebecca Greenberg</u>
                                 Deputy Clerk

Date: October 5, 2004