UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11340 DPW

```
*********************************************
STEPHEN KEEFE,                                *
    Plaintiff                                 *
                                              *
    v.                                        *
                                              *
LOCAL 805, INTERNATIONAL                      *
LONGSHOREMEN'S ASSOCIATION, AFL-CIO,          *
LOCAL 800, INTERNATIONAL                      *
LONGSHOREMEN'S ASSOCIATION, AFL-CIO,          *
and LOCAL 799, INTERNATIONAL                  *
LONGSHOREMEN'S ASSOCIATION, AFL-CIO,          *
    Defendants                                *
*********************************************
```

## PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS

Pursuant to Rule 45(c)(2)(B) plaintiff Stephen Keefe hereby moves this Court to order four subpoenaed deponents to produce at their depositions documents listed in their respective Deposition Subpoenas Duces Tecum.

In support thereof, plaintiff states as follows:

**Background**

1.  In this action plaintiff Keefe has alleged that in early 2003, the Rules Committee for defendants Locals 805, 800 and 799 illegally suspended Keefe for six months and put him back in Gang 12 for supposedly working at another job while in fact all Keefe had during the prior years was another income, and the Rules Committee members knew this. (Complaint, ¶¶ 33-35)

1

2. Keefe further alleged that members of the Rules Committee, including the current Chairman of the Rules Committee and his relatives, have other jobs and incomes (such as family business, rental income, pensions and cash paying jobs) while still enjoying the benefits of Gangs 1-9. (Complaint, ¶ 36)

3. Keefe also alleged that other Union members have other jobs and incomes (such as family business, rental income, pensions and cash paying jobs) while still enjoying the benefits of Gangs 1-9. (Complaint, ¶ 37)

4. Keefe alleged that the Rules Committee in fact suspended Keefe and put him back in Gang 12 in retaliation for Keefe having earlier brought suit against Locals 805, 800 and 799. (Complaint, ¶ 38)

5. The defendants denied all of the foregoing allegations. (Answer, §§ 31- 36)

6. On December 9, 2005, counsel for Keefe issued Notices of Taking Deposition on four individuals, each of whom was on the Rules Committee at a relevant point int time – Brendan Lee, Paul McGaffigan, Joseph Picard and William Sullivan. In each of the Notices, the deponents were asked to produce at their depositions the following books, records, papers, documents and/or objects:

   a. Any and all documents showing any source of income, whether passive or active, since January 1, 2000;

   b. Any and all documents showing any business income since January 1, 2000; and

   c. Any and all tax returns, State and Federal, filed since January 1, 2000.

   Lee and Picard were also asked to produce:

      d.      Any and all documents showing any rental income, whether passive or active, since January 1, 2000.  (Exs. 1-4: Notices of Taking Deposition)

7. For the purposes of these depositions, each of the four deponents retained their own counsel.   Brendan Lee and William Sullivan retained Atty. Michael T. Lennon.  Paul McGaffigan and Joseph Picard retained Atty. Edward J. McNelley.

8. Both counsel for the deponents agreed to accept service of the Deposition Subpoenas, and on December 13, 2005, each of the Deposition Subpoenas was duly served.  (Exs. 5-8: Subpoenas)

9. By letter dated December 17, 2005, Atty. Lennon on behalf of Brendan Lee and William Sullivan wrote to the undersigned to object, pursuant to Rule 45(c)(2(B), to the production of the designated documents on the basis that "the requests as drafted are overly broad and impermissibly vague, and thus not reasonably calculated to lead to the discovery of admissible evidence.  Moreover, several of the requested documents are beyond the scope of permissible discovery under statutory privileges." (Ex. 9)

10. By letter dated December 27, 2005, Atty. McNelley on behalf of Paul McGaffigan and Joseph Picard also wrote to the undersigned to object, pursuant to Rule 45(c)(2)(B), to the production of the designated documents.  Atty. McNelley word for word relied upon the same objection that Atty. Lennon had raised. (Ex. 10)

**Argument**

It is Keefe's position that the requested documents are terribly relevant and are the key to his ability to prove his case. As noted above, the whole thrust of the current lawsuit is that the Rules Committee retaliated against him for having brought a prior lawsuit against the defendants. The Rules Committee would have this Court believe that the reason it disciplined Keefe was because he had another income, not because he had brought the prior lawsuit.

However, Keefe has specifically alleged that members of the Rules Committee, including the current Chairman of the Rules Committee and his relatives, and other Union members have other jobs and incomes (such as family business, rental income, pensions and cash paying jobs) while still enjoying the benefits of Gangs 1-9 and were not disciplined by the Rules Committee as Keefe was. Just as one obvious example, Brendan Lee, in addition to being a longshoreman, is a licensed attorney, openly practicing law in Massachusetts since 1994 and even listed in the 2006 Lawyers Diary. (Ex. 11)

Therefore inasmuch as the Rules Committee penalized Keefe for having (passive) income from a source other than just longshoring, it is not overly broad, impermissibly vague or beyond the scope of discovery to ask the deponents to produce the following documents at their respective depositions:

    A.    Any and all documents showing any source of income, whether passive or active, since January 1, 2000;

    B.    Any and all documents showing any business income since January 1, 2000;

    C.    Any and all tax returns, State and Federal, filed since January 1, 2000; and

    D.    Any and all documents showing any rental income, whether passive or active, since January 1, 2000.

It is anticipated that these documents will clearly show that the members of the Rules Committee penalized Keefe for having the same sort of outside income that the members of the Rules Committee themselves have.  And that is the only reason why the deponents have objected to producing the documents in question.  Keefe has offered to enter into a confidentiality agreement with regard to any such documents, but that has not changed the subpoenaed deponents' position.

**WHEREFORE**, the plaintiff requests that this Court order the four subpoenaed deponents to produce such documents at their depositions.

### LOCAL RULE 7.1(A)(2) and 37.1 CERTIFICATE

I, Scott A. Lathrop, hereby certify that I have attempted to confer with counsel for deponents in good faith to resolve or narrow the issues presented in this motion, but have been unsuccessful. A discovery conference was held with both counsel for subpoenaed deponents.  Neither counsel was amenable to having their clients produce the subpoenaed documents, as reflected in their separate letters to the undersigned.

                                                Stephen Keefe
                                                By his attorney

                                                */s/ Scott A. Lathrop*
                                                _____
                                                Scott A. Lathrop, Esq.
                                                Scott A. Lathrop & Associates
                                                122 Old Ayer Road
                                                Groton, MA 01450
                                                (978) 448-8234
                                                BBO No. 287820

Dated:  December 31, 2005

## Certificate of Service

I, Scott A. Lathrop, hereby certify that I have served the foregoing Motion on the defendants and counsel for subpoenaed deponents by mailing this day a copy to the last known address of their Attorney of Record.

                                                */s/ Scott A. Lathrop*
                                                _____
                                                Scott A. Lathrop

Dated:  December 31, 2005