UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION No. 04-11340 DPW

| | |
|---|---|
| STEPHEN KEEFE, | ) |
| Plaintiff | ) |
| v. | ) |
| LOCAL 805 INTERNATIONAL LONGSHOREMEN'S ASSOCIATION, AFL-CIO, *et al.*, | ) |
| Defendants | ) |

**DEPONENTS, WILLIAM SULLIVAN'S, BRENDAN LEE'S, JOSEPH PICARD'S, AND PAUL McGAFFIGAN'S, OPPOSITION TO *PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS***

**NOW COME THE DEPONENTS**, William Sullivan, Brendan Lee, Joseph Picard, and Paul McGaffigan, and in accordance with Local Rule 7.1 hereby respectfully submit their collective Opposition to Plaintiff's Motion to Compel Production of Documents. As grounds in support of their Opposition, the Deponents offer the following Memorandum of Reasons:

1. As a foundational matter, and as a bedrock principle of American jurisprudence, each of the Deponents enjoys a fundamental right to privacy in his personal effects and papers under the Fourth Amendment to the United States Constitution.

2. As the Deponents are not Parties to this action, but rather ancillary third party witnesses subpoenaed for tactical reasons, they have not implicitly waived their right to privacy with regard to their personal effects and papers.

3. Accordingly, the Deponents should not be forced to produce these private materials in connection with this lawsuit in the absence of the Plaintiff's showing a compelling legal justification to support such a maneuver.

4. [I]n civil actions[], with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness . . . shall be determined in accordance with State law. See Fed. R. Civ. P. 501

5. Under Massachusetts law, an individual's state tax return is confidential and absolutely privileged and thus beyond the scope of permissible discovery. See Mass. Gen. Laws ch. 62C, § 21.

6. With regard to an individual's confidential federal tax return, the privilege against disclosure is a qualified one. To satisfy the strict standard for piercing this privilege, the seeker of the documents must show a "need" for the documents, and that need must be "supported by substantial evidence." See 387 N.E.2d 129, 136 (Mass. 1979).

7. In this case, the Plaintiff's ostensible theory with regard to questioning the Deponents is as follows: Because the Deponents were all purportedly earning wages from sources other than the Longshoremen's Association ("Union"), the Union's suspension of the Plaintiff, and not the Deponents, for this same reason, evidences disparate treatment of the Plaintiff under the Union's rules.

8. While this theory is tenable as to the need to take the Deponents' depositions (to which the Deponents have agreed to submit), it is not sufficient to allow the disgorgement from the Deponents of their private papers.

9. Specifically, the Plaintiff's bare allegation that "[o]ther union members have other jobs and incomes (such as family business, rental income, pensions and cash[-]paying jobs) while still enjoying the benefits of Gangs 1-9", see Compl. At §37, without more, simply does not rise to the level of "substantial evidence of need."

10. By of way illustration, the Plaintiff has not yet shown that the Union *had any knowledge* of the Deponents' allegedly having earned wages from any other source. Indeed, only upon such a showing would extrinsic evidence of such wages (such as the documents requested) be even arguably relevant to the Plaintiff's theory or cause of action.

11. The Plaintiff will have an opportunity at the depositions of the Deponents to inquire in good faith as to the Deponents' other sources of active income, namely wages, and so will not be deprived of the opportunity to adduce evidence that might support the disclosure of extrinsic evidence of such income, such as the documents requested.

12. The Plaintiff's request for documents is overly broad, as it extends to documents concerning passive income, which would include, *e.g.*, rental income, investment income, and interest on savings accounts, all of which could not be considered wages under any analysis.

13. Certain of the Deponents are married and at least one of the Deponents, Brendan Lee, has filed federal income tax returns jointly with his wife, a practicing attorney. Allowance of the Plaintiff's Motion would necessarily, substantially, and impermissibly impose on the privacy interests and rights of Attorney Lee, an individual who has no connection whatsoever to the Plaintiff's complaints.

14. The rationale that supports the protection of the Deponents' tax returns logically extends to the other types of papers and documents requested from the Deponents by the Plaintiff.

15. The Deponents will be prejudiced by the Allowance of the Plaintiff's Motion.

16. None of the Parties will be prejudiced by the Denial of the Plaintiff's Motion.

17. Denial of the Plaintiff's Motion would serve the interests of justice.

**WHEREFORE**, for the foregoing reasons, the Deponents, William Sullivan, Brendan Lee, Joseph Picard, and Paul McGaffigan, respectfully request that this Honorable Court deny the Plaintiff's Motion and allow the case to proceed in the usual course.

### REQUEST FOR ORAL ARGUMENT

The Deponents respectfully believe that oral argument might assist the Court, and thus wish to be heard on this matter.

Respectfully submitted,

The Deponents,

William Sullivan
Brendan Lee,

By their Attorneys,

LENNON LAW OFFICES

_____
Michael T. Lennon
BBO# 648186
15 Court Square
Suite 960
Boston, MA 02108
(617) 263-0001

Dated: January 17, 2006

Respectfully submitted,

The Deponents,

Joseph Picard
Paul McGaffigan,

By their Attorneys,

BARNICLE, McNELLEY & NUGENT, P.A.

_____
Edward J. McNelley
BBO# 552514
101 Tremont Street
Boston, MA 02108
(617) 423-1501

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the below-indicated date, a true and accurate copy of the foregoing paper was caused to be served on all counsel of record *via* first-class mail to the last known address of each counsel of record, postage pre-paid, in accordance with the applicable provisions of Rule 5(b).

                                             /s/ Michael T. Lennon
                                             Michael T. Lennon
                                             BBO# 648186
                                             LENNON LAW OFFICES
                                             15 Court Square
                                             Suite 960
                                             Boston, MA 02108
                                             (617) 263-0001

Dated: January 17, 2006