Exhibit N

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| STEPHEN KEEFE,<br>　　　　　Plaintiff<br><br>　　vs.<br><br>LOCALS 805, INTERNATIONAL<br>LONGSHOREMEN'S ASSOCIATION,<br>AFL-CIO, et. al<br>　　　　　Defendants | ) Docket No. 04-CV-11340DPW<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### DEFENDANTS' ANSWERS AND OBJECTIONS TO PLAINTIFF'S SECOND SET OF INTERROGATORIES

Defendant's ("Locals") answer and object as follows:

### GENERAL OBJECTIONS

1. Defendants object generally to plaintiff's interrogatories to the extent that his interrogatories' instructions and definitions seek to impose obligations upon defendants beyond and exceeding those imposed by Fed. R. Civ. P. 33 and Local Rule 33.1.

2. Defendants object generally to plaintiff's interrogatories to the extent that an interrogatory seeks information subject to the attorney-client privilege, the work-product doctrine, or otherwise privileged information.

3. Defendants object generally to plaintiff's interrogatories to the extent that an interrogatory seeks information that will not be admissible at trial, is not reasonably calculated to lead to the discovery of admissible evidence, or otherwise seeks information beyond the scope of justified discovery.

2

4. Defendants object generally to plaintiff's interrogatories to the extent that an interrogatory is vague, argumentative, ambiguous, or assumes an incorrect legal premise.

5. Defendants object generally to plaintiff's interrogatories to the extent an interrogatory is overbroad, unduly burdensome, vexatious or harassing.

6. Defendants object generally to plaintiff's interrogatories to the extent an interrogatory seeks confidential personal information. If such personal information is arguably discoverable, defendants will provide it subject to mutually agreeable confidentiality stipulation.

7. Each response is made without prejudice to, or waiver of defendant's rights to object to its admission into evidence and without conceding the relevancy or materiality of the response.

## ANSWERS AND OBJECTONS

## INTERROGATORY

8. State the name, address, date of birth, social security number, and employer of the individual responding to these interrogatories and your relationship to defendants.

## OBJECTION

8. Defendants object to interrogatory 8 to the extent that its request for a social security number seeks personal and confidential information.

## ANSWER

8. Without waiving its objection, but explicitly relying upon it, Paul McGaffigan. My date of birth is June 12, 1942. I am employed as a Longshoreman

3

in the Port of Boston. I am a member of Local 805, International Longshoremen's Association, and presently Chairman of the Hiring Hall Rules Committee.

## INTERROGATORY

9. Please identify by name, address and telephone number, all individuals who have been suspended, downgraded to Gang 12 or otherwise disciplined by the Rules Committee since the adoption of the Hiring Hall rules for purportedly not working exclusively at the craft. For each such person, please state the following:

   a. The date of the suspension, downgrade or other discipline;

   b. If the individual was suspended, the exact dates of the suspension;

   c. If the individual was suspended, if and when the individual was later restored to full membership and to what Gang;

   d. If the individual was downgraded to Gang 12, if and when the individual was later restored to a higher Gang;

   e. The precise nature of what the individual had been doing so as to be deemed not to be working exclusively at the craft;

   f. The precise nature of the evidence and/or documents that the Rules Committee had that showed that the individual was not working exclusively at the craft.

## OBJECTION

9. Defendants object to interrogatory 9 to the extent that their request for telephone numbers seeks personal information and to the extent that its term "membership" is vague and ambiguous.

## ANSWER

9. Since the adoption of the Hiring Hall Rules, eight (8) persons have been suspended from Hiring Hall dispatching and referrals for violations of the Rules and their working at the craft exclusively pledges: William Cocchi (Local 805), Daniel

Consodine (Local 799), Edward Consodine (Local 799), Patrick J. Consodine, Jr., Stephen Keefe (Local 805); Michael McEvoy (Local 805); John McLaughlin (Local 805), and Daniel O'Brien (Local 784).

### WILLIAM COCCHI

ADDRESS:   Presently unknown.

a. Mr. Cocchi was suspended on January 21, 1998.

b. Mr. Cocchi was suspended from January 21, 1998 to July 28, 1998.

c. Mr. Cocchi did not return to the longshore craft after expiration of his suspension and has self-terminated his Local 805 and ILA membership.

d. See answer (c).

e. Mr. Cocchi was an employee of the United States Postal Service.

f. Post Service response to an employment verification request.

### DANIEL CONSODINE

ADDRESS:   456 Main Street, Charlestown, MA 02129

a. D. Consodine was suspended on June 20, 1997.

b. June 20, 1997 ending December 15, 1997.

c. D. Consodine was placed in Work Gang 12 on December 15, 1997.

d. D. Consodine remains in Gang 12.

e. D. Consodine was an employee of the Boston Water & Sewer Commission.

f. Private Investigator's report.

### EDWARD CONSODINE

ADDRESS:   10 Jefferson Avenue, Everett, MA 02149

a. E. Consodine was suspended on June 20, 1997.

b. E. Consodine was suspended form June 20, 1997 to December 15, 1997.

    c. E. Consodine was placed in Work Gang 12 on or about December 16, 1997.

    d. E. Consodine remains in Work Gang 12.

    e. E. Consodine was an employee of New Boston Garden Corp. (Fleet Center) and Massachusetts Water Resources Authority.

    f. Private investigator's reports.

### PATRICK CONSODINE

ADDRESS:    9 Jefferson Avenue, Everett, MA 02149

a. P. Consodine was suspended on June 20, 1997.

b. P. Consodine was suspended from June 20, 1997 through December 15, 1997.

c. P. Consodine was placed in Work Gang 12 on December 15, 1997.

d. P. Consodine was later restored to Work Gang 11 on January 14, 2004.

e. P. Consodine was an employee of the Middlesex County Sheriff's Office.

f. Private Investigator's report.

### STEPHEN KEEFE

ADDRESS:    P.O. Box 726, Green Harbor, MA 02041

a. S. Keefe was suspended on February 6, 2003.

b. S. Keefe was suspended from February 6, 2003, to August 6, 2003.

c. S. Keefe was placed in Work Gang 12 on August 6, 2003.

d. See (c) above.

e. S. Keefe admitted under oath that he was employed as a consultant on the office payroll of John T. Clark & Sons, Inc.

f. Deposition Testimony of Stephen Keefe.

### MICHAEL McEVOY

ADDRESS:    298 East Eighth Street, South Boston, MA 02127

Defendants presently lack sufficient information to respond to sub-parts (a) through (f) other than (e). Mr. McEvoy was employed by Amtrack. Defendant will supplement this answer if such information becomes available.

### JOHN McLAUGHLIN

ADDRESS:   33 Grouse Street, West Roxbury, MA

a. J. McLaughlin was suspended on March 29, 1997.

b. March 29, 1997 to September 22, 1997.

c. J. McLaughlin was placed in Work Gang 12 on or about September 22, 1997.

d. J. McLaughlin progressed thereafter to Work Gangs 1 – 9 by satisfying the Hiring Hall Rules.

e. J. McLaughlin was an employee of the City of Boston Fire Department

f. Upon information and belief, Hiring Hall Committee Member's inquiry to Fire Department.

### DANIEL O'BRIEN

ADDRESS:   93 Electric Street, Somerville, MA  0214?? LAST DIGIT OF ZIP

a. D. O'Brien was suspended on June 20, 1997.

b. June 20, 1997 through December 15, 1997.

c. D. O'Brien was placed in Work Gang 12 on December 15, 1997.

d. D. O'Brien progressed thereafter to Work Gangs 1 – 9 by satisfying the Hiring Hall Rules.

e. D. O'Brien was an employee of the August A. Busch Company.

f. Private Investigator's report.

### INTERROGATORY

10. Did all individuals identified in interrogatory no. 9, above, have another job from which they received health coverage, vacation, holiday pay and

other fringe benefits? If not, please identify those individuals that did not have another job from which they received health coverage, vacation, holiday pay and other fringe benefits.

10. The individuals identified in interrogatory 9 have jobs from which they received some or all of their fringe benefits enumerated in this interrogatory.

SIGNED AND SWORN TO UNDER
THE PAINS AND PENALTIES OF PERJURY

_____

AS TO OBJECTIONS:

_____
John F. McMahon, Esquire
BBO # 338360
ANGOFF, GOLDMAN, MANNING,
    WANGER & HYNES, P.C.
45 Bromfield Street – 8th Floor
Boston, MA 02108
(617) 723-5500

CERTIFICATE OF SERVICE

I hereby certify that a true copy of Defendants' Answers and Objections To Plaintiff's First Set of Interrogatories was served upon the attorney(s) of record for each other party by mail/hand on _____

Date:_____                                          _____
                                                          John F. McMahon, Esquire