Exhibit F

Stephen Keefe 1/7/2003
Stephen Keefe v. Local 805, et al.

1                    UNITED STATES DISTRICT COURT

2                     DISTRICT OF MASSACHUSETTS

3                              CIVIL ACTION NO. 01-10194-DPW

4    - - - - - - - - - - - - - - - - - -

5    STEPHEN KEEFE,                              :

6                    Plaintiff,                  :

7    V.                                          :

8    LOCAL 805, INTERNATIONAL                    :

9    LONGSHOREMEN'S ASSOCIATION AFL-CIO,   :

10   LOCAL 800, LOCAL 799,                       :

11                    Defendants.                :

12   - - - - - - - - - - - - - - - - - -

13           Deposition of STEPHEN F. KEEFE, a witness

14   called by counsel for the Defendants, taken pursuant to

15   the applicable provisions of the Federal Rules of Civil

16   Procedure, before Rosemary F. Grogan, a Registered

17   Professional Reporter, CSR No. 112993, and Notary

18   Public in and for the Commonwealth of Massachusetts, at

19   the offices of Angoff, Goldman, Manning, Wanger &

20   Hynes, 45 Bromfield Street, Boston, Massachusetts, on

21   Tuesday, January 7, 2003, commencing at 11:40 a.m.

22

23          O'BRIEN & LEVINE COURT REPORTING SERVICES

24                    (617) 254-2909

Stephen Keefe 1/7/2003
Stephen Keefe v. Local 805, et al.

10

1    A.  No.
2    Q.  Mr. Keefe, I would like to show you page 53
3  of your deposition on February 6th, 2002.  And I want
4  you to read at page 53 into the record, lines 7 through
5  13.
6        MR. LATHROP:  I'm sorry, what page was
7  that?
8        MR. McMAHON:  53, 7 through 13.  I want to
9  get the transcript so I'll have it for me as well.  Off
10  the record for a moment.
11        (Off Record Discussion)
12        MR. McMAHON:  Back on the record, please.
13  BY MR. McMAHON:
14    Q.  On page 53 in the prior transcript, I
15  asked:  But in fact on May 24, 2000, you were working
16  as a longshore and also doing other work for
17  John T. Clark, isn't that true?  Your answer was, Yes.
18      You were then asked:  Are you still doing work
19  for John T. Clark other than longshore work?  Your
20  answer was, No.
21      However, in fact, as of May 24, 2000, and right
22  up until today you're on the office payroll of
23  John T. Clark; isn't that true?
24    A.  Yes.

11

1    Q.  And you were available to do work as it's
2  assigned to you by John T. Clark Company; isn't that
3  true?
4    A.  Yes.
5    Q.  Again, if you would look at page 54, and
6  lines three to four, and it's poorly phrased for which
7  I apologize.
8      The question reads:  Were you still continuing as
9  of May 25 to do it, work, for John T. Clark & Sons
10  other than longshore work?  And your answer was, No.
11  Am I correct?
12    A.  Yes.
13    Q.  And again, you're on the office payroll of
14  John T. Clark for assignments other than longshore work
15  even up until today; isn't that true?
16    A.  Yes.
17    Q.  Are you aware that in order to be in
18  Gang 11 you must be working exclusively at the
19  longshore pier in Boston?
20    A.  Yes.
21    Q.  Now, are you still receiving health
22  insurance from John T. Clark and Company?
23    A.  Yes.
24    Q.  Are you eligible for the health insurance

12

1  provided through the B.S.A., I.L.A. contracts?
2    A.  I didn't get a thousand hours.  I think
3  it's a thousand hours.
4    Q.  But you still receive the equivalent health
5  coverage?
6    A.  From?
7    Q.  From John T. Clark and Company.
8    A.  I don't understand the question.
9    Q.  Do you receive health insurance from the
10  John T. Clark Company?
11    A.  Yes.
12    Q.  What is the plan?
13    A.  I don't know right offhand.
14    Q.  Is that the same plan that your brother,
15  Timothy, is on?
16    A.  It could be, yes.
17    Q.  Do you have the card with you?
18    A.  No.
19    Q.  Now, at various times you reported to the
20  hiring hall in 1998 and 1999.  Did you make notes of
21  each time you reported to the hiring hall?
22    A.  Yeah.
23    Q.  And are those notes part of your production
24  of documents earlier in this case?

13

1    A.  Whatever you have there.  (Indicating)
2        MR. McMAHON:  May this be marked as -- You
3  want to continue with the same numbers?
4        MR. LATHROP:  Yes, why don't you.
5        MR. McMAHON:  This will be Deposition
6  Exhibit No. 19.
7        (Exhibit 19 Marked for Identification)
8  BY MR. McMAHON:
9    Q.  Mr. Keefe, before I inquire, you have a
10  document before you and you have had it since the
11  deposition began.
12      Can you identify that document?
13    A.  It's for my lawyer.
14    Q.  Can you describe the nature of the
15  document?
16    A.  It's my W-2s.
17    Q.  And you were requested earlier to produce
18  your W-2s; isn't that correct?
19    A.  I don't remember.
20    Q.  We'll get to that in a few minutes.
21      Mr. Keefe, you have before you Deposition Exhibit
22  19.  Do you have any other notes other than the notes
23  that are reflected in SK 101 through SK 135 concerning
24  your appearance for work at the hiring hall?

4 (Pages 10 to 13)