UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.  04-11340 DPW

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
STEPHEN KEEFE,                                                           \*
   Plaintiff                                                                   \*
                                                    \*
   v.                                                                                \*
                                                     \*
LOCAL 805,  INTERNATIONAL                                       \*
LONGSHOREMEN'S ASSOCIATION,  AFL-CIO,  \*
LOCAL 800,  INTERNATIONAL                                       \*
LONGSHOREMEN'S ASSOCIATION,  AFL-CIO,  \*
and LOCAL 799,  INTERNATIONAL                               \*
LONGSHOREMEN'S ASSOCIATION,  AFL-CIO,  \*
   Defendants                                                              \*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**PLAINTIFF'S ANSWER TO DEFENDANTS' REQUEST FOR ADMISSIONS**

Plaintiff Stephen Keefe hereby answers Defendants' Request for Admissions as follow

REQUEST NO. 1:  At all times relevant to this lawsuit, you were a member of Local 805, International Longshoremen's Association.

Answer

Admitted.

REQUEST NO. 2:  At all times relevant to this lawsuit, you were not a member of Local 800, International Longshoremen's Association.

Answer

Admitted.

1

REQUEST NO. 3: At all times relevant to this lawsuit, you were not a member of Local 799, International Longshoremen's Association.

Answer

Admitted.

REQUEST NO.4:  Rule 37 of the Hiring Hall Work Rules for Local 799, 800, and 805 permits a six month suspension from a gang or steady job for a member's violation of his pledge, or due to his failure to appear before the Rules Committee when summoned.

Answer

Admitted.

REQUEST NO. 6:  On a letter dated May 24, 2000, John T. Clark & Son of Boston, Inc. represented to the Rules Committee that you were not a management employee of John T. Clark & Son of Boston, Inc., and that you were employed by Clark on a casual basis, as a longshoreman.

Answer

Admitted.

REQUEST NO. 7:  On May 25, 2000, you signed a pledge sheet affirming your compliance with Hiring Hall Rule 36 as it existed in May 2000.

Answer

Admitted.

REQUEST NO. 8:  In May of 2000, you signed a pledge with Local 805 that you were working exclusively at the craft of being a longshoreman.

Answer

Admitted.

REQUEST NO. 9:  On or about October 21, 2000, the Rules Committee placed you in Gang 11.

Answer

Admitted that on or about October 1, 2000, the Rules Committee placed Keefe in Gang 11.

REQUEST NO. 10: In October 2002, you were moved into Gang 10.

Answer

Admitted.

REQUEST NO. 11:  From May 24, 2000, to January7, 20003, were on the office payroll of John T. Clark & Son of Boston, Inc.

Answer

Admitted that from May 24, 2000, to January7, 20003, Keefe received an income from John T. Clark & Son of Boston, Inc.  All other statements are denied.

REQUEST NO. 12:  You are aware that in order to be in Gang 11, you must be working exclusively at the Longshore Pier in Boston, MA.

Answer

Keefe was aware that other Union members have other jobs and incomes (such as family business, rental income, pensions and cash paying jobs) while still enjoying the benefits of Gangs 1-9. All other statements are denied.

REQUEST NO. 13: From May 24, 2000 through January 7, 2003, you were receiving health insurance from John T. Clark & Son of Boston, Inc.

Answer

Admitted.

REQUEST NO. 14: In 2000, you received a W-2 from John T. Clark & Son of Boston, Inc., which recorded that you had received $76,362.00 as office payroll.

Answer

Admitted that in 2000, Keefe received a W-2 from John T. Clark & Son of Boston, Inc., which recorded that Keefe had received $76,362.00 in income. All other statements are denied.

REQUEST NO. 15: In 2001, you received a W-2 from John T. Clark & Son of Boston, Inc., which recorded he had received $19,435.74, which was payment for office work.

Answer

Admitted that in 2001, Keefe received a W-2 from John T. Clark & Son of Boston, Inc., which recorded Keefe had received $19,435.74 in income. All other statements are denied.

REQUEST NO. 16: Timothy F. Keefe is your brother.

4

Answer

Admitted.

REQUEST NO. 17: From 2000 through 2003, Timothy F. Keefe was the president of John T. Clark & Son of Boston, Inc.

Answer

Admitted.

REQUEST NO. 18: From August 1, 1998 through December 1, 1999, you were on the office payroll of John T. Clark & Son of Boston, Inc.

Answer

Admitted that from August 1, 1998 through December 1, 1999, Keefe received an income from John T. Clark & Son of Boston, Inc. All other statements are denied.

REQUEST NO. 19: From January 1, 2000 through February of 2002, you were on the office payroll of John T. Clark & Son of Boston, Inc.

Answer

Admitted that from January 1, 2000, through February of 2002, Keefe received an income from John T. Clark & Son of Boston, Inc. All other statements are denied.

REQUEST NO. 20: From August 1, 1998 through March of 2002, you were on the office payroll of John T. Clark & Son of Boston, Inc.

Answer

Admitted that from August 1, 1998 through March of 2002, Keefe was on the office payroll of John T. Clark & Son of Boston, Inc. All other statements are denied.

REQUEST NO.21: When on the office payroll of John T. Clark & Son of Boston, Inc., you received health insurance.

Answer

Admitted that Keefe received health insurance. All other statements are denied.

REQUEST NO. 22: On June 21, 2002, there was port wide vote, at which time you were a member of Local 805 that any part-time job violates the member's pledge, that member is working exclusively at the craft, as a longshoreman.

Answer

I have insufficient information to admit or deny. I have made reasonable inquiry and the information known or readily available to me is insufficient to admit or deny

REQUEST NO. 23: Prior to the vote, Rule 36 of the Hiring Hall Rules read as follows:

> "If a member wishes to move from gang 12 to 11, they must sign a pledge sheet and appear before the Rules Committee. They must bring sufficient proof that they are working EXCLUSIVELY at the craft, such as notarized retirement or resignation papers, tax returns or any other documents that are pertinent. The burden of proof rests with the bargaining unit member."

Answer

Admitted.

REQUEST NO. 24: Following the port wide vote, the members of Local 799, 800 and 805 voted as follows in regard to Rule 36: "EXCLUSIVELY at the craft means no other part time job at all."

Answer

I have insufficient information to admit or deny. I have made reasonable inquiry and the information known or readily available to me is insufficient to admit or deny

REQUEST NO. 25: The vote was 93-16 in favor of amending Rule 36 to prohibit any part time work whatsoever by any member of Local 799, 800 and 805.

Answer

I have insufficient information to admit or deny. I have made reasonable inquiry and the information known or readily available to me is insufficient to admit or deny

REQUEST NO. 26: On January 7, 2003, you were on the office payroll of John T. Clark & Son of Boston, Inc.

Answer

Admitted that on January 7, 2003, Keefe was receiving an income from John T. Clark & Son of Boston, Inc. All other statements are denied.

REQUEST NO. 27: When receiving pay from John T. Clark & Son of Boston, Inc., from 2002 to 2003, your duties and responsibilities were not that of a longshoreman.

Answer

Admitted that Keefe had no duties when he was receiving an income from John T. Clark & Son of Boston, Inc., from 2002 to 2003. All other statements are denied.

REQUEST NO. 28: The letter dated May 24, 2000, signed by William Horohoe, detailing your job duties with John T. Clark & Son of Boston, Inc. was not accurate.

Answer

Denied.

REQUEST NO. 29: You received notice of a Rules Committee Meeting, to which you had been summoned, prior to February 6, 2003.

Answer

Denied.

REQUEST NO. 30: In February 2003, you were then in Gang 10.

Answer

Admitted.

REQUEST NO.31: You failed to appear at the Rules Committee Meeting on February 6, 2003.

Answer

Denied. In February, 2003, the Rules Committee held a meeting about Keefe's Gang status without ever informing Keefe.

REQUEST NO. 32:  At the February 6, 2003 Rules Committee Meeting, you were suspended for six months and removed from Gang 10, for violation of your pledge to the Union.

Answer

Admitted that in February, 2003, the Rules Committee held a meeting about Keefe's Gang status without ever informing Keefe.  The Rules Committee suspended Keefe for six months and put him back in Gang 12 for supposedly having another job.  Keefe continues to have another income from JTC, not another job, and the Rules Committee members know this.  Denied that this was done for Keefe's "violation" of his pledge to the Union.  All other statements are denied.

REQUEST NO. 33:  You signed a certified mail receipt for notice of the March 5, 2003 meeting on February 28, 2003.

Answer

I have insufficient information to admit or deny.   I have made reasonable inquiry and the information known or readily available to me is insufficient to admit or deny

REQUEST NO. 34:  You received a notice from the Rules Committee to appear on March 5, 2003, in which you were informed that you could appeal your suspension.

Answer

Admitted that Keefe received a notice from the Rules Committee to appear March 5, 2003.  All other statements are denied.

REQUEST NO. 35: You appeared at the Rules Committee Meeting on March 5, 2003.

Answer

Admitted that Keefe appeared at a Rules Committee meeting in March, 2003. All other statements are denied.

REQUEST NO. 36: On March 5, 2003, you informed the Rules Committee that you were working for John T. Clark & Son of Boston, Inc. as a consultant.

Answer

Denied.

REQUEST NO. 37: On March 5, 2003, you informed the Rules Committee that you intended to resign your position with John T. Clark & Son of Boston, Inc. because you wanted to stay in Gang 10.

Answer

Admitted that Keefe informed the Rules Committee that he wanted to stay in Gang 10 and would resign he position at John T. Clark & Son, to the extent he might have had one. All other statements are denied.

REQUEST NO. 38: On March 5, 2003, you were instructed to furnish to the Rules Committee documentation that you no longer worked in any capacity other than a longshoreman.

Answer

Keefe is uncertain, and therefore denies this statement.

REQUEST NO. 39: On March 5, 2003, you informed the Rules Committee that when you provided such documentation to the Rules Committee that indicated you no longer worked in any capacity other than a longshoreman, you would be put back on Gang 10, in April of 2003.

<u>Answer</u>

Denied.

REQUEST NO. 40: You received notice to appear before the Rules Committee on March 20, 2003.

<u>Answer</u>

Denied. . Keefe was not given any notice of this meeting.

REQUEST NO. 41: You did not provide the Rules Committee with any documentation that you no longer worked in any capacity, other than a longshoreman at the March 20, 2003 meeting.

<u>Answer</u>

Denied. Keefe was not given any notice of this meeting.

REQUEST NO. 42: You failed to honor the pledge that you signed with the Union in May of 2000, by working in any capacity other than a longshoreman during your association with John T. Clark & Son of Boston, Inc.

<u>Answer</u>

Denied.

REQUEST NO. 43:  As a result of amended Rule 36 of the Hiring Hall Rules, seven (7) longshoremen, other than you, were discovered to have violated their pledge by maintaining jobs other than those in a capacity of a longshoreman.

Answer

I have insufficient information to admit or deny.   I have made reasonable inquiry and the information known or readily available to me is insufficient to admit or deny

REQUEST NO. 44: Those seven (7) longshoremen referred to in Request No. 39, were each suspended for six (6) months.

Answer

I have insufficient information to admit or deny.   I have made reasonable inquiry and the information known or readily available to me is insufficient to admit or deny

REQUEST NO. 45: Following your suspension, you provided the Rules Committee with proof that you had resigned from your outside employment with John T. Clark & Son of Boston, Inc., and you were moved up to Gang 11.

Answer

Keefe denies that he had "outside employment" with John T. Clark & Son of Boston, Inc.  Keefe admits that he was moved up to Gang 11.  All other statements are denied.

SUBSCRIBED AND SWORN TO THIS _____ DAY OF _____, 2006.

_____
Stephen Keefe

<u>Certificate of Service</u>

I, Scott A. Lathrop, hereby certify that I have served the foregoing Answers on the defendants by mailing this day a copy to the last known address of their Attorney of Record.

*/s/ Scott A. Lathrop*
_____
Scott A. Lathrop

Dated: