UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEPHEN KEEFE,<br>　　　　Plaintiff<br><br>vs.<br><br>LOCALS 805, INTERNATIONAL<br>LONGSHOREMEN'S ASSOCIATION,<br>AFL-CIO, et. al.<br>　　　　Defendants | ) Docket No. 04-CV-11340DPW<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANTS' ANSWER

Defendants Local 805, Local 800 and Local 799, International Longshoremen's Association answer reserving and expressly relying on their rights to file appropriate motions directed at the Complaint's sufficiency or merits.

## FIRST DEFENSE

1. Paragraph 1 is descriptive and does not require an answer.

2. Paragraph 2 is admitted.

3. Paragraphs 3, 4, and 5 are admitted.

4. Paragraph 6 is admitted.

5. Paragraph 7 is admitted.

6. Paragraph 8 is denied.

7. Paragraph 9 is admitted.

8. Paragraph 10 is admitted.

9. Paragraph 11 is admitted.

10. Paragraph 12 is admitted and it is further answered that he was also employed by JTC as a management employee and that he worked fewer hours as a Longshoreman by choice and at his own convenience.

11. Paragraph 13 is admitted.

12. Paragraph 14 is admitted.

13. Paragraph 15 is answered thus: Its first sentence is admitted except that words quoted are not contained in the letter cited. Its second sentence is denied.

14. Paragraph 16 is answered thus. Its first sentence is admitted; its second sentence is denied.

15. Paragraph 17 is admitted.

16. Paragraph 18 is admitted.

17. Paragraph 19 is admitted.

18. Paragraph 20 is admitted.

19. Paragraph 21 is admitted.

20. Paragraph 22 is admitted.

21. Paragraph 23 is admitted.

22. Paragraph 24 is admitted.

23. Paragraph 25 is admitted.

24. Paragraph 26 is admitted and is further answered as follows: The Port of Boston Hiring Hall Rules establish and regulate the "gang system".

25. Paragraph 27 is admitted as framed and it is further answered that plaintiff was employed by J.T. Clark & Sons., Inc. as a management employee.

26. Paragraph 28 is denied.

27. Paragraph 29 is admitted.

28. Paragraph 30 is answered thus: Plaintiff's Complaint in C.A.01CV10194DPW is a self-evident document.

29. Paragraph 31 is admitted.

3

30. Paragraph 32 is answered thus: It is admitted that counsel for defendant Local 805 deposed plaintiff on January 7, 2003. The deposition transcript is a self-evident document.

31. Paragraph 33 is denied.

32. Paragraph 34 is denied.

33. Paragraph 35 is denied.

34. Paragraph 36 is denied.

35. Paragraph 37 is denied.

36. Paragraph 38 is denied.

37. Paragraph 39 is denied.

38. Paragraph 40 is denied.

## COUNT I

39. Paragraph 41 asserts a legal conclusion and does not require a response; if response is required, it is denied.

## COUNT II

40. Paragraph 42 asserts a legal conclusion and does not require a response; if response is required, it is denied.

## COUNT III

41. Paragraph 43 asserts a legal conclusion and does not require a response; if response is required, it is denied.

## COUNT IV

42. Paragraph 44 asserts a legal conclusion and does not require a response; if response is required, it is denied.

## COUNT V

43. Paragraph 45 asserts a legal conclusion and does not require a response; if response is required, it is denied.

## COUNT VI

44. Paragraph 46 asserts a legal conclusion and does not require a response; if response is required, it is denied.

## SECOND DEFENSE

45. Plaintiff's Complaint fails to state claims upon which relief can be granted.

## THIRD DEFENSE
## (AFFIRMATIVE DEFENSE)

46. On April 7, 2003, Plaintiff's counsel wrote the International Union President a letter stating the same allegations asserted in this complaint and requesting an investigation. Counsel's letter is appended as Exhibit 1 and incorporated here by reference.

47. The International Union conducted a detailed and thorough review of the letter's allegations.

48. ON December 11, 2003, the International Union's President reported the findings of the International Union's investigation. The International Union President's report is appended as Exhibit 2 and incorporated here by reference. Exhibit 2 states in part:

> I do appreciate your having shared with me the claims/beliefs that you and your client harbored concerning the operations of the Hiring Hall Rules Committee and for giving me the opportunity to look into them. I can assure you that if any irregularity, including the "harassment and retaliation" that you allege, had been detected, I would be taking prompt and resolute measures to correct or halt the situation, as the case

may be, in the same manner that you full well know that I have repeatedly done to set aright prior actions adversely affecting your client. However, the results of this demanding and meticulous investigation do not bear out your contentions. To the very contrary; if the Committee had acted otherwise, it could have been accused of favoritism and inconsistency in administering the Rules.

49. The International Union's findings and conclusions rejecting the identical claims alleged in this action are binding on plaintiff and entitled to judicial deference.

## RELIEF REQUESTED

50. Defendants Local 805, 800 and 799 International Longshoremen's Association requests this relief:

(A) Entry of Judgement in favor of Defendants dismissing all counts of Plaintiff's and awarding Defendants the costs and reasonable attorneys fees.

LOCALS 805, 800, and 799
INTERNATIONAL LONGSHOREMEN'S
ASSOCIATION, AFL-CIO

By its attorney

John F. McMahon, Esquire
BBO # 338360
ANGOFF, GOLDMAN, MANNING,
  WANGER & HYNES, P.C.
45 Bromfield Street – 8th Floor
Boston, MA 02108
(617) 723-5500

DATED: August 16, 2004

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of Defendants' Answer was served upon the attorney(s) of record for each other party by mail/hand on August 16, 2004.

Date: August 16, 2004

John F. McMahon, Esquire