UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.  04-11340 DPW

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
STEPHEN KEEFE,                              *
   Plaintiff                               *
                                           *
  v.                                       *
                                           *
LOCAL 805,  INTERNATIONAL                   *
LONGSHOREMEN'S ASSOCIATION,  AFL-CIO,  *
LOCAL 800,  INTERNATIONAL                   *
LONGSHOREMEN'S ASSOCIATION,  AFL-CIO,  *
and LOCAL 799,  INTERNATIONAL               *
LONGSHOREMEN'S ASSOCIATION,  AFL-CIO,  *
   Defendants                              *
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION FOR LEAVE OF COURT TO AMEND ANSWER**

Plaintiff Stephen Keefe hereby opposes the Defendants' Motion for Leave of Court to Amend Answer.

I.  **Background**

On or about June 16, 2004, plaintiff Stephen Keefe filed the instant Complaint for violation of the Union Members Bill of Rights (29 U.S.C. §§411 & 529).

On or about August 16, 2004, the Defendants, Locals 805, 800 and 709, International Longshoremen's Association filed their Answer to this Complaint.  In answering the Complaint in this case the Defendants never raised the affirmative defense of failure to exhaust internal union

1

remedies. (Ex. 21: Defendants' Answer)[1]  In fact, in their Answer, Defendants noted just the

opposite – that Keefe had taken his grievance internally to the International Union.  As stated in

the Defendants' Answer, on April 7, 2003, Keefe's counsel wrote the International Union

President a letter raising the same allegations asserted in the current court complaint and

requesting an investigation. (Ex. 21: Defendants' Answer, ¶ 46).  According to the Defendants

in their Answer, the International Union conducted a detailed and thorough review of the letter's

allegations. (Ex. 21: Defendants' Answer, ¶ 47).   As stated in the Answer, over eight months

later, on December 11, 2003, the International Union President reported the findings of the

International Union's investigation and rejected Keefe's claims.  (Ex. 21: Defendants' Answer,

¶¶ 48-49).

Discovery in this case closed on June 12,  2006.

On July 31, 2006, Defendants filed their Motion for Summary Judgment.  In their

Motion, Defendants argued, <u>inter alia</u>, that Keefe had failed to exhaust his internal union

remedies.

On August 25, 2006, Keefe filed his Opposition to Defendants' Motion for Summary

Judgment.  In his Opposition, Keefe argued, <u>inter alia</u>, that a claim that a plaintiff had failed to

exhaust internal union remedies is an affirmative defense and that affirmative defenses are

subject to waiver if not timely pleaded, which the Defendants had not done.

On August 25, 2006, the Defendants therefore filed the instant Motion whereby they

would like to amend their answer to apparently strike their response and instead plead for the

---

[1] Record citations are to the exhibits attached to Plaintiff's Opposition to Defendants' Motion
for Summary Judgment.

first time "failure to exhaust union remedied [sic] by the plaintiff."  (Defendants' Memorandum,

P. 4, ¶ 4)


## II.    Argument

### A.    The Motion Is Untimely And Would Be Prejudicial To Plaintiff.

Failure to plead an affirmative defense generally results in waiver of the defense and its

exclusion from the case.  Conjugal Partnership v. Conjugal Partnership, 22 F.3d 391, 400 (1st

Cir. 1994).

An affirmative defense must be pleaded in the answer in order to give the opposing party

notice of the defense and a chance to develop evidence and offer arguments to controvert the

defense.  Knapp Shoes, Inc. v. Sylvania Shoe Mfg. Corp., 15 F.3d 1222, 1226 (1st Cir. 1994).

> "It is well within a court's discretion to find prejudice where the amendment
> 'substantially changes the theory on which the case has been proceeding and is proposed
> late enough so that the opponent would be required to engage in significant new
> preparation.' See 6 Wright & Miller, supra, § 1487, at 623."  Wolf v. Reliance Standard
> Life Insurance Co., 71 F.3d 444, 450 (1st Cir. 1995)

An inquiring court must examine the totality of the circumstances and make a practical,

commonsense assessment about whether Rule 8(c)'s core purpose -- to act as a safeguard against

surprise and unfair prejudice -- has been vindicated.  Williams v. Ashland Eng'g Co., Inc., 45

F.3d 588, 593 (1st Cir.)

In the instant case, after two years of litigation, the Defendants now wish to change their

theory of the case – well after discovery was closed and with no prior notice to Plaintiff.   By

filing this Motion for Leave to Amend Complaint, the Defendants have acknowledged that

"failure to exhaust internal union remedies" is an affirmative defense which they did not raise at

3

any time during the two years of the prosecution of this case and which they now wish to raise for the first time <u>after</u> Plaintiff has filed his Opposition to Defendants' Motion for Summary Judgment.

      This Motion therefore is untimely and if granted would be highly prejudicial to Plaintiff.

**WHEREFORE** Defendants' Motion for Leave to Amend Answer should be denied.

                    Stephen Keefe
                    By his attorney

                    _____
                    Scott A. Lathrop, Esq.
                    Scott A. Lathrop & Associates
                    122 Old Ayer Road
                    Groton, MA 01450
                    (978) 448-8234
                    BBO No. 287820

Dated:  August 31, 2006

<u>Certificate of Service</u>

I, Scott A. Lathrop, hereby certify that I have served the foregoing Opposition on the defendants by mailing this day a copy to the last known address of their Attorney of Record.

                    _____
                    Scott A. Lathrop

Dated:  August 31, 2006