UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11340 DPW

```
*********************************************
STEPHEN KEEFE,                                *
    Plaintiff                                 *
                                              *
    v.                                        *
                                              *
LOCAL 805, INTERNATIONAL                      *
LONGSHOREMEN'S ASSOCIATION, AFL-CIO,          *
LOCAL 800, INTERNATIONAL                      *
LONGSHOREMEN'S ASSOCIATION, AFL-CIO,          *
and LOCAL 799, INTERNATIONAL                  *
LONGSHOREMEN'S ASSOCIATION, AFL-CIO,          *
    Defendants                                *
*********************************************
```

**PLAINTIFF'S REQUEST
FOR JURY INSTRUCTIONS**

The plaintiff Stephen Keefe requests that the Court give the following instructions to the jury.

1

Requested Instruction No. 1

(The Retaliation Claim)

Mr. Keefe's first claim is that by suspending him and placing him back in Gang 12, the defendant Locals were illegally retaliating against him for having previously sued the same Locals in Federal Court.

Mr. Keefe bases this claim on the so called Bill of Rights in the Labor-Management Reporting and Disclosure Procedure Act. This Act makes it protects the rights of union members to bring suit against labor organizations.

This Act specifically provides as follows:

> "No labor organization shall limit the right of any member thereof to institute an action in any court, or in a proceeding before any administrative agency, irrespective of whether or not the labor organization or its officers are named as defendants or respondents in such action or proceeding, or the right of any member of a labor organization to appear as a witness in any judicial, administrative, or legislative proceeding, or to petition any legislature or to communicate with any legislator."

That same statute further on makes it illegal for a labor organization to suspend or discipline a union member for exercising his right to institute a law suit against the labor organization. The portion of the statute reads as follows:

> "It shall be unlawful for any labor organization, or any officer, agent, shop steward, or other representative of a labor organization, or any employee thereof to fine, suspend, expel, or otherwise discipline any of its members for exercising any right to which he is entitled under the provisions of this Act."

<u>Authority</u>

29 U.S.C. §§411(a)(4) and 529

Requested Instruction No. 2

(Retaliation Damages)

If you find that the defendants retaliated against Mr. Keefe because he had brought suit against them earlier, then you must consider the issues of damages.  I instruct you that it is the Act's intent to make persons whole for injuries suffered as a result of unlawful retaliation.  Under this statute a successful plaintiff is entitled to recover all lost wages and fringe benefits, as well as any emotional distress and injury to reputation suffered by the union member as result of violation of his rights.

Authority

Keeffe Bros. v Teamsters Local Union, 562 F.2d 298 (4th Cir. 1977);  Kuebler v Cleveland Lithographers & Photoengravers Union, 473 F.2d 359 (6th Cir. 1973) ; Ryan v International Brotherhood of Electrical Workers,  387 F.2d 778 (7th Cir. 1967)

Requested Instruction No. 3

(The Hearing Safeguards Claim)

Mr. Keefe's second claim is that when the defendant Locals held their hearings with regard to him, they did not provide him certain procedural safeguards that are required by law

Again Mr. Keefe bases this second claim also on the so called Bill of Rights in the Labor-Management Reporting and Disclosure Procedure Act.   This Act provides certain safeguard against improper disciplinary action.

This Act specifically provides as follows:

"No member of any labor organization may be fined, suspended, expelled, or otherwise disciplined except for nonpayment of dues by such organization or by any officer thereof unless such member has been (A) served with written specific charges; (B) given a reasonable time to prepare his defense; (C) afforded a full and fair hearing."

Authority

29 U.S.C. §§411(a)(5)

Requested Instruction No. 4

(Hearings Safeguard Damages)

If you find that the defendants did not provide Mr. Keefe the hearings safeguards to which he was entitled, then you must consider the issues of damages. I instruct you again that it is the Act's intent to make persons whole for injuries suffered as a result of an unlawful hearing. Under this statute, as before, a successful plaintiff is entitled to recover all lost wages and fringe benefits, as well as any emotional distress and injury to reputation suffered by the union member as result of violation of his rights.

Authority

<u>Keeffe Bros. v Teamsters Local Union</u>, 562 F.2d 298 (4th Cir. 1977); <u>Kuebler v Cleveland Lithographers & Photoengravers Union</u>, 473 F.2d 359 (6th Cir. 1973) ; <u>Ryan v International Brotherhood of Electrical Workers</u>, 387 F.2d 778 (7th Cir. 1967)