UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11340 DPW

| | |
|---|---|
| STEPHEN KEEFE,<br>   Plaintiff<br><br>v.<br><br>LOCAL 805, INTERNATIONAL<br>LONGSHOREMEN'S ASSOCIATION, AFL-CIO,<br>LOCAL 800, INTERNATIONAL<br>LONGSHOREMEN'S ASSOCIATION, AFL-CIO,<br>and LOCAL 799, INTERNATIONAL<br>LONGSHOREMEN'S ASSOCIATION, AFL-CIO,<br>   Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT'S REQUEST FOR JURY INSTRUCTIONS PURSUANT TO MASS. R. CIV. P. 51(b)

### BURDEN OF PROOF

### INSTRUCTION NO. 1

At all times in this case, the Plaintiff has the burden of proving his case. The burden of proof that the Plaintiff must meet is called a "preponderance of the evidence," which means the amount of evidence which makes a conclusion more likely than not. In other words, if you find that the evidence leaves you with the conclusion that the proof from both sides has been of equal force, you must find for the Defendants.[1]

---

[1] Thomas v. Eastman Kodak Co., 183 F.3d 38, 56 (1st Cir. 1999); T & S Service Associates, Inc. v. Crenson, 666 F.2d 722, 727 (1st Cir. 1981).

1

## **RETALIATION**

## INSTRUCTION NO. 2

The Plaintiff alleges that he was not suspended for legitimate reasons or as payback for filing a previous lawsuit against the Defendants. The Defendants contend that his suspension, and subsequent placement in Gang 12, was a legitimate and neutral response to the Plaintiff's violation of the Hiring Hall Work Rules.

Pursuant to the Labor-Management Reporting and Disclosure Act, it is unlawful for any labor organization, or any officer, agent, shop steward, or other representative of a labor organization, or any employee thereof to fine, suspend, expel, or otherwise discipline any of its members for exercising any right to which he is entitled under the provisions of the Act.

The Act specifically protects the rights a union member to bring suitability determination against labor organizations. The Act provides as follows:

> "No labor organization shall limit the right of any member thereof to institute an action in any court, or in a proceeding before any administrative agency, irrespective of whether or not the labor organization or its officers are named as defendants or respondents in such action or proceeding, or the right of any member of a labor organization to appear as a witness in any judicial, administrative, or legislative proceeding, or to petition any legislature or to communicate with any legislator."[2]

In order to prevail, the Plaintiff must prove the Defendants violated the above statute.

---

[2] 29 U.S.C. 411(a)(4), 29 U.S.C. 529.

## **PROCEDURAL DUE PROCESS**

### INSTRUCTION NO. 3

      The Plaintiff alleges that he or she was disciplined without his procedural due process rights. Such action arises under the Labor-Management Reporting and Disclosure Procedure Act. The Plaintiff must prove, by preponderance of the evidence, that subsequent to his suspension, he was not (1) served with written specific charges; (2) given a reasonable time to prepare his defense; and (3) afforded a full and fair hearing.[3]

---

[3] 29 U.S.C.A. § 411(4)(a)(5)(A), (B), (C).

## PROXIMATE CAUSE

### INSTRUCTION NO. 4

The Plaintiff alleges that as a result of the Defendant's retaliation, the Plaintiff suffered monetary damages. In order to sustain this claim, the Plaintiff must prove, by preponderance of the evidence, that the actions of the Defendants were the proximate cause of the economic injury to the Plaintiff.[4]

---

[4] DeLong v. International Union, 850 F.Supp. 614 (S.D.Ohio 1993)

## MITIGATION

### INSTRUCTION NO. 5

The Plaintiff has the duty of making every reasonable effort, under the circumstances, to minimize his damages by seeking comparable employment subsequent to the acts of the Defendants.[5] If the Defendants have proven the Plaintiff did not mitigate his damages, he is not entitled to an award of damages.[6]

If you determine that the Plaintiff is entitled to damages, you must reduce his damages by (1) what the Plaintiff earned; and (2) what the Plaintiff could have earned by reasonable effort during the period from his suspension until his suspension expired.[7]

---

[5] Aguinaga v. United Food and Commercial Workers Intern.Union, 854 F.Supp. 757 (D.Kan. 1994).
[6] Aguinaga v. United Food and Commercial Workers Intern.Union, 854 F.Supp. 757 (D.Kan. 1994).
[7] Iron Workers Local 118, Intern. Ass'n of Bridge and Structural Iron, 804 F.2d 1100 (C.A.1986).