United States District Court
District of Massachusetts

| | |
|---|---|
| Steven Keefe,<br>                    Plaintiff<br><br>v.<br><br>Locals 805, 800, 799,<br>International Longshoremen's<br>Association, AFL-CIO, et.al.<br>                    Defendants | ) Docket No. 04-CV-11340DPW<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS',**
**LOCALS 805, 800, 799, &**
**INTERNATIONAL LONGSHOREMEN'S ASSOCIATION**
**AFL-CIO's**
**SUPPLEMENTAL REQUESTS FOR JURY INSTRUCTIONS**
**(Requests 6-11)**

**Request No. 6**

Although LMRDA was enacted to protect union members from abuse by union officials, the legislative history of the Act shows that "[t]he LMRDA was not intended to permit courts to rewrite union constitutions or to 'prescribe detailed procedures and standards for the conduct of union business.'" Laborers' International Union of North America, AFL-CIO v. National Post Office Mail Handlers, Watchmen, Messengers and Group Leaders Division of the Laborers' International Union of North America, AFL-CIO, 880 F.2d 1338, 1395 (D.C. Cir. 1989) (quoting S. Rep. No. 187, 86th Cong., 1st Sess. 7, U.S. Code Cong. & Admin. News 1959, p. 2323 (1959)

**Request No. 7**

The Supreme Court has been clear, that "[r]esponsible union self-government demands, among other prerequisites, a fair opportunity to function." <u>National Labor Relations Board v. Industrial Union of Marine and Shipbuilding Workers of America, AFL-CIO, and Its Local 22</u>, 391 U.S. 418, 429 (1968) (Harlan, J., Concurring) (citing to <u>Destroy v. American Guild of Variety Artists</u>, 286 F.2d 75, 79 (2nd Cir. 1961).

## Request No. 8

"[C]ourts should . . . accept the correctness of reasonable, lawful interpretations by the union's authorized officials of the Constitution and By-Laws. Id (citing to English v. Cunningham, 282 F.2d 848, 850 (D.C. Cir. 1960). Millinery Workers' Union Local 55/56 of United Hatters, Cap & Millinery Workers' Intern. Union v. United Hatters, Cap & Millinery Workers' Intern. Union, 495 F. Supp. 60, 62 (1980).

**Request No. 9**


To satisfy the requirements of the LMRDA, charges made against a union member

must provide sufficient detail of the conduct forming the basis of the suspension.

International Brotherhood of Boilermakers v. Hardeman, 401 U.S. 233, 244-245 (1971)

## Request No. 10

"[N]otice reasonably certain to reach most of those interested in objecting is likely to safeguard the interests of all . . . . Under such circumstances reasonable risks that notice might not actually reach every beneficiary are justifiable. However it may have been in former times, the mails today are recognized as an efficient and inexpensive means of communication." Id. Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 319 (1950).

**Request No. 11**

Unions are free to define what conduct warrants discipline under their rules and regulations and to determine appropriate penalties. <u>Hardeman</u>, 401 U.S. at 243-244.

Dated: December   16, 2007

Respectfully submitted,
The Defendant,
By their attorney,

Michael L. Mahoney
Mullen & McGourty
52 Temple Place, 4th Floor
Boston, MA 02111
(617) 338-9200
BBO# 557562

**CERTIFICATE OF SERVICE**

I, Michael L. Mahoney, hereby certify that I have served a true copy of the within document this 16th day of December  2007, via email, postage prepaid upon the following:

Scott A. Lathrop, Esq.
Scott A. Lathrop & Associates
122 Old Ayer Road
Groton, MA 01450

Michael L. Mahoney