United States District Court
District of Massachusetts

| | |
|---|---|
| Steven Keefe, | ) Docket No. 04-CV-11340DPW |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| Locals 805, 800, 799, | ) |
| International Longshoremen's | ) |
| Association, AFL-CIO, et.al. | ) |
| Defendants | ) |

**DEFENDANTS',
LOCALS 805, 800, 799, &
INTERNATIONAL LONGSHOREMEN'S ASSOCIATION
AFL-CIO's
SECOND SUPPLEMENTAL
REQUEST FOR JURY INSTRUCTIONS**

**(Requests 12-15)**

**Request 12**

**29 U.S.C. § 411(a)(5)**

A violation of a procedural provision of a union's constitution is actionable only if the violation deprived the party of a full and fair hearing under the LMRDA. See Yager v. Carey, 159 F.3d 638 (D.C. Cir. 1998), aff'g 910 F. Supp. 704, 713 (D.D.C. 1995) ("A court considering a claim for relief under the LMRDA because a party alleges that an internal union disciplinary hearing violated the union's constitution must conduct a two step inquiry: (1) the court must find that the hearing violated the constitution; and (2) it must find that the violation deprived plaintiffs of a fair trial within the meaning of the LMRDA."); Wellman, 812 F.2d at 1206 ("Even assuming a union fails to follow its own rule, it does not violate the LMRDA unless the violation of its internal rule also contravenes specific provisions in the LMRDA.") United States v Int'l Brotherhood Teamsters, 247 F.3d 370, 387 (2nd Cir. 2001)

If you find that the Rules Committee violated Mr. Keefe's Due Process rights, such a violation is immaterial unless you found that Mr. Keefe was retaliated against.

**Request 13**

Under this provision, we must "scrutinize" a union's disciplinary proceedings, "interven[ing] only if there has been a breach of fundamental fairness." <u>Ritz v. O'Donnell</u>, 566 F.2d 731, 737 (D.C.Cir.1977). The full and fair hearing clause does not require unions to provide the " 'full panoply of procedural safeguards found in criminal proceedings,' " but only to comply with the " 'fundamental and traditional concepts of due process.' " Id. at 735 (quoting <u>Tincher v. Piasecki</u>, 520 F.2d 851, 854 (7th Cir.1975))

**Request 14**


"What constitutes a full and fair hearing in a union disciplinary proceeding must be determined from the traditional concepts of due process of law, the common law precepts governing the judicial control of internal union affairs and the sparse case law since the adoption of the LMRDA." KNIGHT v. INTERNATIONAL LONGSHOREMEN'S ASS'N., 457 F.3d 331, 340 (Fed. 3rd Cir. 2006) quoting, Falcone v. Dantinne, 420 F.2d 1157, 1165 (3d Cir.1969). "Due process is flexible and calls for such procedural protections as the particular situation demands in order to minimize the risk of error." KNIGHT quoting: *Tillman v. Lebanon County Corr. Facility,* 221 F.3d 410, 421 (3d Cir.2000)

**Request 15**


The "full and fair hearing" requirement of the LMRDA incorporates the "traditional concepts of due process." See <u>Kuebler v. Cleveland Lithographers & Photoengravers Union Local 24 P</u>, 473 F.2d 359, 363-64 (6th Cir. 1973). Not all of the due process protections available in the federal courts apply to union disciplinary proceedings. See <u>Wellman v. International Union of Operating Eng'rs</u>, 812 F.2d 1204, 1205 (9th Cir. 1987) ("While we apply traditional due process concepts, we recognize that a union has a significant interest in controlling internal discipline, and so do not require the union's disciplinary proceeding to incorporate the same protections found in criminal proceedings."). Such proceedings need only adhere to the "basic principles of due process." See <u>Mayle v. Laborer's Int'l Union of N. Am. Local 1015</u>, 866 F.2d 144, 146 (6th Cir. 1988); cf. <u>Wildberger v. American Fed'n of Gov't Employees AFL-CIO</u>, 86 F.3d 1188, 1193 (D.C. Cir. 1996) (the LMRDA protects only against a "breach of fundamental fairness"). <u>United States v Int'l Brotherhood Teamsters</u>, 247 F.3d 370, 385 (2nd Cir. 2001)


Dated: December  17, 2007

Respectfully submitted,
The Defendant,
By their attorney,

Michael L. Mahoney
Mullen & McGourty
52 Temple Place, 4th Floor
Boston, MA 02111
(617) 338-9200
BBO#  557562

### CERTIFICATE OF SERVICE

I, Michael L. Mahoney, hereby certify that I have served a true copy of the within document this 17th day of December  2007, via email, postage prepaid upon the following:

Scott A. Lathrop, Esq.
Scott A. Lathrop & Associates
122 Old Ayer Road
Groton, MA 01450

Michael L. Mahoney