UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11340 DPW

```
*********************************
STEPHEN KEEFE,                    *
    Plaintiff                     *
                                  *
    v.                            *
                                  *
LOCAL 805, INTERNATIONAL          *
LONGSHOREMEN'S ASSOCIATION, AFL-CIO, *
LOCAL 800, INTERNATIONAL          *
LONGSHOREMEN'S ASSOCIATION, AFL-CIO, *
and LOCAL 799, INTERNATIONAL      *
LONGSHOREMEN'S ASSOCIATION, AFL-CIO, *
    Defendants                    *
*********************************
```

## PLAINTIFF'S MOTION FOR ATTORNEY'S FEES

Pursuant to Rule 54(d)(2) Plaintiff Stephen Keefe hereby moves this Court for an award of attorney's fees in this case. In this request for attorney's fees, the amount of attorney's fees that Keefe hereby seeks is $26,980.50, as detailed in Exhibit 1 attached hereto. Immediately below is Keefe's argument in support of his contention that he should be awarded attorney's fees.

### I.     BACKGROUND

This was an action for violation of the Union Members Bill of Rights (29 U.S.C. §§411 & 529).

On or about February 1, 2001, plaintiff Stephen Keefe had brought suit in United States District Court, District of Massachusetts, against defendant Locals 805, 800 and 799 of the International Longshoremen's Association, in C.A. No. 01-10194, alleging, inter alia, that by not

accepting Keefe's application for membership on or near August 10, 1998, the Locals breached Article XV of the ILA Constitution in breach of 29 U.S.C. §185.

In March, 2003, the Rules Committee for the defendant Locals suspended Keefe for 6 months and put him back in Gang 12 after he had been in Gang 10.  Its rationale was that Keefe purportedly was not working exclusively at the craft.

Keefe alleged in this suit that the Rules Committee suspended him and then put him back in Gang 12 in retaliation for Keefe having previously brought suit against Locals 799, 800 and 805. Keefe also alleged that the Rules Committee disciplined him without serving him with written specific charges, giving him a reasonable time to prepare his defense, and affording him a full and fair hearing.

29 U.S.C. § 412 provides that "Any person whose rights secured by the provisions of this title [29 U.S.C. §§ 411 et seq.] have been infringed by any violation of this title [29 U.S.C. §§ 411 et seq.] may bring a civil action in a district court of the United States for such relief (including injunctions) as may be appropriate. . ."

The jury in its verdict found that Stephen Keefe had established that he was not provided with proper procedures in the Union's decision to suspend him.  The jury awarded him $1.00 in nominal damages.

II.     **THE APPLICABLE LAW**

In Hale v. Cole, 412 U.S. 1 (1973) the U.S. Supreme Court upheld the propriety of an award of counsel fees to a successful plaintiff in a suit brought under § 102 of the Labor-Management Reporting and Disclosure Act of 1959, 29 U. S. C. § 412.  The Court's rationale was that the plaintiff's successful litigation confers "a substantial benefit on the members of an

ascertainable class, and where the court's jurisdiction over the subject matter of the suit makes possible an award that will operate to spread the costs proportionately among them." Id. at 5. The Court felt that to the extent that such lawsuits contribute to the preservation of union democracy, they frequently prove beneficial "not only in the immediate impact of the results achieved but in their implications for the future conduct of the union's affairs." Id. at 8 "It is difficult for individual members of labor unions to stand up and fight those who are in charge. The latter have the treasury of the union at their command and the paid union counsel at their beck and call while the member is on his own. . . . An individual union member could not carry such a heavy financial burden. Without counsel fees the grant of federal jurisdiction is but a gesture for few union members could avail themselves of it." Id. at 13. "[T]he allowance of counsel fees to the successful plaintiff in a suit brought under [Title I] of the LMRDA is consistent with both the Act and the historic equitable power of federal courts to grant such relief in the interests of justice." Id. 14

Every Circuit Court that has ruled on the issue has held that a plaintiff is entitled to attorney's fees for prevailing in a Title I LMRDA case. See, e.g., McCafferty v. Local 254, Service Employees International Union, AFL-CIO, 186 F.3d 52, 55 (1st Cir. 1999); Maceira v. Pagan, 698 F.2d 38, 39 (1st Cir. 1983); Rodonich v. Senyshyn, 52 F.3d 28, 32 (2nd Cir. 1995); Gartner v. Soloner, 384 F.2d 348, 356 (3rd Cir. 1967); Burch v. International Association of Machinists and Aerospace Workers, AFL-CIO, 454 F.2d 1170, 1170 (5th Cir. 1971); Local 17, v. International Assoc. Of Heat and Frost Insulators & Asbestos Workers v. Young, 775 F.2d 870. 872-873 (7th Cir. 1986); Catlett v. Local 7370 of the United Paper Workers International Union, 69 F.3d 254, 260 (8th Cir. 1995) [The granting of attorney's fees to successful LMRDA litigants recognizes the importance of the procedural rights guaranteed under the Act and provides a

benefit to the union as a whole by deterring future violations of those rights.]; <u>Bise v. International Brotherhood of Electrical Workers, AFL-CIO Local 1969</u>, 618 F.2d 1299, 1306 (9th Cir. 1979); <u>Yablonski v. United Mine Workers</u>, 466. F.2d 424, 428 (D.C. Cir. 1972)

Furthermore, a union member need not recover compensatory damages from the union in order to be entitled to a fee award.  Nor does the absence of equitable relief preclude such an award.  Nominal damages of one dollar are sufficient for an award of attorney's fees.  <u>Local Union No. 38, Sheet Metal Workers' International Association, AFL-CIO v. Anthony Pelella,</u> 350 F.3d 73, 90 (2nd Cir. 2003).

### III.  THE AMOUNT SOUGHT

From June 16, 2004, to date the undersigned has spent a total of 139.9 hours in prosecuting this case.  The undersigned's normal hourly rate at the time started at $175.00 and later was increased to $195.00.  This totals $26,980.50.  All of this work and charges are detailed in Exhibit 1 attached.

                                                         Stephen Keefe
                                                         By his attorney

                                                         */s/ Scott A. Lathrop*
                                                         _____
                                                         Scott A. Lathrop, Esq.
                                                         Scott A. Lathrop & Associates
                                                         122 Old Ayer Road
                                                         Groton, MA 01450
                                                         (978) 448-8234
                                                         BBO No. 287820

Dated:  January 10, 2008

<u>Certificate of Service</u>

I, Scott A. Lathrop, hereby certify that on this date I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all other Attorneys of Record.

                                                                                                  _____
                                                                                                   Scott A. Lathrop

Dated: January 10, 2008