United States District Court
District of Massachusetts

Civil Action No. 04-CV-11340-DPW

| | |
|---|---|
| STEPHEN KEEFE,<br>    Plaintiff<br><br>v.<br><br>LOCAL 805, LOCAL 800 AND LOCAL 799<br>INTERNATIONAL LONGSHOREMEN'S<br>ASSOCIATION, AFL-CIO<br>    Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEY'S FEES

NOW COMES, the Defendant, Locals 805, 800, and 799, International Longshoremen's Association, AFL-CIO, et. al, in the above captioned matter and hereby opposes the Plaintiff's Motion for Attorney's Fees..

### I.   BACKGROUND

Plaintiff, Stephen Keefe, is a member of the International Longshoremen's Association (ILA). He brought an action against the Defendant for breach of the union's constitution and bylaws under 29 U.S.C. 411(a)(4) and 29 U.S.C. 529, alleging that the Defendant had illegally retaliated against him for filing an earlier lawsuit against the Defendant in 2001 by suspending him for failing to work exclusively as a longshoreman. Further, the Plaintiff alleged that the Defendant failed to provide him with adequate

1

notice and opportunity to be heard at hearings held by the Rules Committee regarding his suspension in violation of 29 U.S.C.A. § 411(4)(a)(5).

A jury trial was held in the matter and the jury returned a verdict on December 18, 2007. The jury found that the Defendant had not illegally retaliated against the Plaintiff for his earlier lawsuit against the Defendant. (Jury Verdict Slip, p.1). However, the jury did find that the Plaintiff had been denied proper procedures in the Defendant's decision to suspend him. Accordingly, the jury awarded the Plaintiff one dollar ($1.00) in nominal damages. (Jury Verdict Slip, p. 2).

Plaintiff is now requesting that Defendant pay attorney's fees in the amount of twenty six thousand nine hundred eighty dollars and fifty cents, ($26,980.50), an amount enormously in excess of the actual amount of damages awarded. The Defendant objects to the Plaintiff's request for attorney's fees in part.

## II.  PLAINTIFF'S DUE PROCESS CLAIMS

### A.  STANDARD FOR AWARDING ATTORNEY'S FEES

The First Circuit follows the American rule regarding the award of attorney's fees. The American rule states that, "attorney's fees are not ordinarily recoverable in the absence of a statute or enforceable contract providing therefor." Fleischmann Distilling Corp. v. Maier Brewing Co., 386 U.S. 714, 717, 87 S.Ct. 1404 (1967). However, the Supreme Court has approved an award of attorney's fees in certain situations in which a party acted, "in bad faith, vexatiously, wantonly, or for oppressive reasons." Newman v. Piggie Park Enters., 390 U.S. 400, 402 n. 4, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968). Moreover, a judge has discretion to award attorney's fees on an equitable basis, in the

absence of bad faith if justice so demands. See <u>Alyeska Pipeline Serv. Co. v. Wilderness Soc'y</u>, 421 U.S. 240, 259, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975); <u>Mills v. Electric Auto-Lite Co.</u>, 396 U.S. 375, 391-392, 90 S.Ct. 616, 24 L.Ed.2d 593 (1970). However, the American rule applies unless circumstances indicate that justice would not be served by a denial of a party's request for attorney's fees.

The applicable statute, 29 U.S.C. §412 does not provide for attorney's fees as recoverable damages for a violation of 29 U.S.C. §411(a)(4) or 29 U.S.C. §411(4)(a)(5). Additionally, Plaintiff has not claimed, nor did the jury find, that Defendants ever acted in bad faith. Absent statutory authority or bad faith, an award of attorney's fees would be inappropriate in this situation.

### B. COMMON BENEFIT RULE

Plaintiff's only argument in support of his argument for attorney's fees is based on the common benefit theory detailed in <u>Hall v. Cole</u>, 412 U.S. 1 (1973).[1] In <u>Hall</u>, the Supreme Court awarded attorney's fees to a successful plaintiff based on the theory that the attorney's fees would be paid by the union, and its members, who ultimately benefited from the plaintiff's actions in bringing the lawsuit. <u>Id.</u> at 13. The plaintiff in <u>Hall</u> claimed that the union had infringed on his First Amendment rights in violation of Section 102 of the Labor-Management Reporting and Disclosure Act of 1959 (29 U.S.C. § 412). <u>Id.</u> at 2. Cole was ejected from the union in violation of Section 102 and was forced to resort to litigation to assert his rights as a union member and to regain admittance to the union. <u>Id.</u> at 3.

---

[1] Although this opposition refers mainly to the Plaintiff's reference to <u>Hall</u>, the other law cited by the Plaintiff in support of this motion for attorney's fees are merely variations of the proposition that the Plaintiff argues <u>Hall</u> stands for.

In Hall, the Supreme Court relied heavily on the legislative history behind the LMRDA in finding that the common benefit rule permitted an award of attorney's fees. The legislative history indicated that Congress enacted the LMRDA with the specific intention of guaranteeing all union members, "at least, 'minimum standards of democratic process. . . .'. Hall v. Cole, 412 U.S. 1, 7, citing 29 U.S.C. §§ 411-415. Thus, in light of that legislative history, Cole had provided a benefit to his fellow union members by bringing suit against the union and ensuring, "preservation of union democracy." Id. at 8. There is no such rationale at play here.

The Plaintiff cites a First Circuit case where attorney's fees were awarded to a union member who successfully litigated a claim under Title I of the Labor Management Reporting and Disclosure Act of 1959. McCafferty v. Local 253, Service Employees International Union, AFL-CIO, 186 F. 3d. 52 (1st Cir., 1999). In that case, the union had refused to provide adequate employer and bargaining unit information to a union member seeking a union office. Id. at 55. The district court specifically found that the union member had conferred a benefit on his fellow union members by forcing the union to provide additional information to union candidates that it had theretofore refused to provide. Id. at 60. The court found that this additional "access advanced the equal rights of union members to pursue union office." Id. Based upon that specific finding of a "common benefit" the award of attorney's fees was affirmed. Id.

Here, the Plaintiff has not conferred any substantial common benefit on his fellow union members by successfully litigating the 29 U.S.C.A. § 411(4)(a)(5) claim. Successful litigation of a 29 U.S.C.A. § 411(4)(a)(5) claim clearly does not automatically entitle the Plaintiff to an award of attorney's fees. There is no statutory provision

4

evidencing an intent to make an award of attorney's fees automatic in all such cases. The general rule in American jurisprudence is that attorney's fees are not recoverable. The common benefit rule announced in Hall provides an exception to that rule only in situations where a common benefit has actually been conferred on the Plaintiff's fellow union members. The facts of this case do not bring it within the common benefit exception to the general American rule regarding attorney's fees.

The Defendant was not required to provide any additional rights to union members as a result of this litigation. Further, there is no indication that the Defendant had routinely failed to provide fair hearings to union members faced with suspension for failing to work exclusively at the craft. Plaintiff has not shown that the failure to provide notice of hearings in this particular case was consistent with any pattern suggesting that the Defendant routinely failed to provide notice and fair hearings to members facing disciplinary action. Successful litigation of a 29 U.S.C.A. § 411(4)(a)(5) claim does not automatically entitle the Plaintiff to an award of attorney's fees where the common benefit rational does not apply to the facts.

Plaintiff's award was purely personal in this case and is not an appropriate case for the award of attorney's fees under the common benefit theory. The other ILA union members received no benefit from the Plaintiff's litigation and therefore should not be required to bear the cost of that litigation.

### III.   PLAINTIFF'S RETALIATION CLAIM

The Jury ruled that the Plaintiff was not retaliated against by the Defendant and thus he was unsuccessful in his 29 U.S.C. 411(a)(4) claim. (Jury Verdict Slip, p.1). The

Supreme Court has found that, in determining reasonable attorney's fees, "the most critical factor is the degree of success obtained." Hensley v. Eckerhart, 461 U.S. 424, 436, 103 S.Ct. 1933, 1941 (1983). In situations where the plaintiff has "achieved only partial or limited success," the Court found that an award of all attorney's fees incurred in preparation for the entire case is "excessive" even where the claims in the case were "interrelated." Id. Further, in McCafferty, a First Circuit case applying the common benefit exception, the Court determined that the plaintiff was unsuccessful in litigating one of his claims and was therefore not entitled to attorney's fees as a "prevailing party" for that portion of the case. McCafferty v. Local 253, Service Employees International Union, AFL-CIO, 186 F. 3d. 52, 62.

Keefe was unsuccessful in litigating his retaliation claim against the Defendant under 29 U.S.C. 411(a)(4). As he was not the "prevailing party" as to that portion of the lawsuit, he is not entitled to collect attorney's fees for that portion of the litigation. The plaintiff was successful on only one of two claims in this case and thus it would be reasonable to reduce the amount of attorney's fees claimed by one half based on his "degree of success." Hensley v. Eckerhart, 461 U.S. 424, 436, 103 S.Ct. 1933, 1941

## IV. ATTORNEY'S FEES FROM PREVIOUS LITIGATION

The Plaintiff has included attorney's fees incurred during the 2001 litigation in his present request for attorney's fees. (See Exhibit 1). Specifically, the Plaintiff is seeking to recover one thousand one hundred thirty one dollars ($1131.00) in attorney's fees which were incurred during the preparation of a motion filed in an earlier litigation between these parties. There is no connection between these fees claimed and the

plaintiff's successful litigation of one of the causes of action brought in the more recent case. It would be patently unjust and unreasonable for the court to award the plaintiff fees in connection with the recent case that were actually related to a prior litigation between the parties.

## CONCLUSION

**WHEREFORE**, the Defendant requests this Honorable Court deny the Plaintiff's motion for attorney's fees. Alternatively, the Defendant requests this Honorable Court reduce the Plaintiff's demand for attorney's fees by one thousand one hundred thirty one dollars ($1131.00) and award the Plaintiff a portion of the remainder, based on an amount reasonably related to the prosecution of the due process claims.

Dated: January 22, 2008

Respectfully submitted,
The Defendants,
Local 805, 800, 799, International Longshoremen's
Association, AFL-CIO
By its attorney,

Michael L. Mahoney, Esquire
BBO#: 557562
Mullen & McGourty
52 Temple Place
Boston, MA 02111
Telephone: (617) 338-9200